UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON TYRONE YOUNGBLOOD,

        Petitioner,

v.

        CASE NO. 2:24-CV-12096
        HONORABLE SEAN F. COX

JAMES CORRIGAN,

        Respondent.
_____/

**<u>OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

Michigan prisoner Damon Tyrone Youngblood ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. He was convicted of possession with intent to deliver 450 or more but less than 1,000 grams of cocaine, Mich. Comp. Law § 333.7401(2)(a)(ii), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and four counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a bench trial in the Wayne County Circuit Court. He was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to 7 ½ to 30 years in prison on the drug conviction, a concurrent term of 5 to 15 years in prison on the felon in possession conviction, and 2 years in prison on each of the felony firearm convictions, to be served concurrently with each other and consecutively to the other sentences, in 2022. In his petition, he raises two Fourth Amendment claims.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary

review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999).

**II.     Discussion**

Petitioner's convictions arise from a search of his residence in 2019.  The Michigan Court of Appeals described the relevant facts, which are presumed correct on federal habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> On July 25, 2019, members of the Metro Area Narcotics Enforcement Team (NET) executed a search warrant at 9371 Auburn in Detroit, which was defendant's registered address. Officers found 541 grams of cocaine, narcotics-packaging materials, and two guns in the attic crawlspace. The officers also seized $2,290 and four cell phones from the first floor of the home. Before the execution of the search warrant, NET officers conducted two "trash pulls" from garbage cans outside the house, one on July 9 and another on July 23, 2019. Plastic baggies containing cocaine residue were discovered on both occasions.
>
> At trial, defendant denied possessing the cocaine or firearms found in the house, or having any knowledge that contraband was stored there. Defendant's counsel argued that there was no direct evidence that defendant had engaged in any drug activity, and that the circumstantial evidence was insufficient to prove that defendant possessed the drugs and firearms, which were hidden in a cubbyhole in the attic. The trial court found that the evidence at trial established that defendant was living in the home and had possessed the firearms and cocaine seized. Defendant was convicted and sentenced as described.

*People v. Youngblood*, No. 361967, 2023 WL 4541030, *1 (Mich. Ct. App. July 13, 2023), app. den., 513 Mich. 889, 996 N.W.2d 449 (2023), recon. den., 513 Mich. 1001, 1 N.W.3d 270 (2024).

Petitioner raises two Fourth Amendment claims on habeas review: one challenging the validity of the search warrant and one challenging the legality of his arrest. Petitioner raised such claims on direct appeal before the Michigan Court of Appeals, which denied relief and affirmed his convictions. *Youngblood*, 2023 WL 4541030 at *2-4.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-495 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-359 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issues by a failure of Michigan's procedural mechanism.

Petitioner makes no such showing. While Petitioner did not move to suppress the

evidence or object to the evidence or his arrest at the time of trial, he had the opportunity to do so. He neither alleges nor establishes that he was prevented from seeking relief in the trial court due to a failure of Michigan's criminal procedures. Moreover, he raised challenges to the search warrant and his arrest on direct appeal and the state appellate courts denied relief. Consequently, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claims and that he received all the process he was due. Accordingly, his Fourth Amendment claims are not cognizable on habeas review pursuant to *Stone v. Powell* and are subject to dismissal.

### III.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on his Fourth Amendment claims and his habeas petition must be dismissed.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies habeas relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a federal court denies habeas relief on procedural grounds, a certificate of appealability should issue if it is shown that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and would find it debatable whether the court was correct in its procedural ruling. *Id.* Petitioner makes no such showing. A certificate of appealability is not warranted.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith such that Petitioner should not be granted leave to proceed in forma pauperis on appeal. *See* Fed.

R. App. P. 24(a).

Accordingly, the Court **DISMISSES WITH PREJUDICE** the habeas petition, **DENIES** a certificate of appealability, and **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated: August 19, 2024           s/Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge

I hereby certify that on August 19, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                  s/J. McCoy
                                                  Case Manager